# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-3090

———————

Lyn S. Amine, Ph.D.,           *

                                      *

     Plaintiff - Appellant,     *

                                      *   Appeal from the United States

v.                      *   District Court for the

                                      *   Eastern District of Missouri.

St. Louis University,      *

                                      *   **[UNPUBLISHED]**

     Defendant - Appellee.    *

———————

Submitted:  April 22, 1999

Filed:  August 10, 1999

———————

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

———————

PER CURIAM.

      Dr. Lyn S. Amine is a tenured full professor in the Department of Marketing of St. Louis University's School of Business and Administration.  In this action against the University, she alleges gender discrimination and retaliation in violation of Title VII, 42 U.S.C. §§ 2000e et seq., Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 et seq., the Equal Pay Act, 29 U.S.C. §§ 206 et seq., and the Missouri Human Rights Act, Mo. Rev. Stat. §§ 213.010 et seq.  The district court[1] dismissed the

———————

[1]The HONORABLE CATHERINE D. PERRY, United States District Judge for the Eastern District of Missouri.

Title IX claim on the ground that Title IX provides no cause of action when Title VII provides an available remedy. The court granted summary judgment dismissing Dr. Amine's remaining claims and denied her motion to alter or amend the judgment.

On appeal, Dr. Amine argues the district court erred in dismissing her claim that she has been unfairly compensated relative to certain of her male colleagues. She further argues the court erred in dismissing her claims that the University discriminated against her on account of sex and retaliated against her for filing a charge of gender discrimination, because her colleagues excluded her from administrative positions and from serving as Acting Chair of the Marketing Department, failed to appoint her to a faculty committee formed to help fill a new professorship, denied her equal assistance of graduate students, denied her funds to attend a summer institute, and stopped talking and dealing with her informally. Finally, Dr. Amine argues the court abused its discretion in denying her post-judgment motion and erred in dismissing her claims under Title IX. After careful review of the record, we conclude that Dr. Amine has not produced sufficient evidence to support her claims, and we affirm the grant of summary judgment for the reasons stated in the district court's thorough Memorandum and Order dated July 2, 1998, and in the court's Memorandum and Order denying the motion to alter or amend that judgment dated August 5, 1998. See 8th Cir. R. 47B. Because Dr. Amine's Title VII claims fail as a matter of law, we need not decide whether Title IX affords her a duplicate private right of action. Cf. Brine v. University of Iowa, 90 F.3d 271, 276 (8th Cir. 1996), cert. denied, 519 U.S. 1149 (1997).

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-